## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. : 15-17899-ELF |
| | ) | |
| PEARL M. SPEAKS, | ) | |
| | ) | |
| Debtor | ) | CHAPTER 13 |
| | ) | |
| CAPITAL ONE AUTO FINANCE | ) | |
| A DIVISION OF CAPITAL ONE N.A. | ) | **HEARING DATE:** |
| Movant | ) | Tuesday, October 10, 2017 |
| vs. | ) | 9:30 a.m. |
| | ) | |
| PEARL M. SPEAKS, | ) | **LOCATION:** |
| | ) | U.S. Bankruptcy Court |
| Respondent | ) | Robert N.C. Nix Federal Courthouse |
| and | ) | Courtroom #1 |
| WILLIAM C. MILLER, | ) | 900 Market Street |
| Trustee | ) | Philadelphia, PA 19107 |

## STIPULATION

COME NOW, this    day of            , 2017, *Pearl M. Speaks*, through Debtor's attorney, *Mark Matthew Billion, Esquire* and *Capital One Auto Finance, a Division of Capital One N.A.*, ("COAF") by and through its attorneys, Mester & Schwartz, P.C., hereby stipulate the following terms of settlement of the Motion for Relief:

WHEREAS the Debtors own a 2016 MITSUBISHI Outlander Utility 4D ES 2WD I4, V.I.N. JA4AD2A38GZ008103 ("Vehicle"); and

WHEREAS COAF filed a Motion for Relief ("Motion") with respect to missed post-petition payments; and

WHEREAS the Debtor and COAF seek to resolve the Motion; it is hereby stipulated and agreed that:

1. The Debtor are delinquent post-petition in the amount of $1,423.84, plus $481.00 in attorneys fees and costs as of November 6, 2017.

2. The post-petition delinquency of $1,904.84 shall be included in the Amended Plan.

3. Thereafter, Debtor agrees to pay the November 9, 2017 in the amount of $576.12 by November 15, 2017.

3. Thereafter, the Debtor shall remain current with regular monthly payments in the

amount of $576.12, beginning with the payment due on December 9, 2017 and due on the 9th of each month thereafter.

4. If Debtor shall fail to make to ongoing regular monthly payments or the arrears payment or fail to amend her plan consistent with this agreement and Debtor fail to cure said default within ten (10) days after notice by COAF (or its counsel) of said default, counsel for COAF may file a Certification of Default with the Court setting forth Debtor's default and COAF shall be granted immediate relief from the automatic stay provisions of Section 362 of the Bankruptcy Code (11 U.S.C. § 362), and COAF is then also free to proceed with exercising its rights and remedies as may be allowed under State and Federal law without regard to any future conversion of this matter to a different form of bankruptcy. The Debtor shall be allowed to default and cure such default under this Stipulation one (1) time. Should the Debtor default a second (2nd) time, notice of the default will be served, but the Debtor will not be granted an opportunity to cure the default and COAF may file a Certification of Default.

5. In the event Debtor convert to a bankruptcy under any Chapter other than Chapter 13 of the Bankruptcy Code, then Debtor shall pay all pre-petition arrears and post-petition arrears due and owing within fifteen (15) days from the date the case is converted from Chapter 13 to any other Chapter. If Debtor fail to make payment in accordance with this paragraph, then COAF, through counsel, may file a Certification of Default setting forth said failure and COAF shall be granted immediate relief from the automatic stay provisions of Section 362 of the Bankruptcy Code (11 U.S.C. § 362) and COAF is then also free to proceed with exercising its rights and remedies as may be allowed under State and Federal law.

6. The failure by COAF, at any time, to issue a Notice of Default or file a Certification of Default upon default by the Debtor shall not be construed, nor shall such failure act, as a waiver of any of COAF's rights hereunder.

7. This Stipulation is a supplement and in addition to the Contract between the parties and not in lieu thereof.

8. Facsimile signatures shall be accorded the same force and effect as an original signature, and may be submitted to the Court.

9. It is further Ordered that the fourteen (14) day stay provided by Rule 4001(a)(3) is hereby waived.

BY THE COURT:

_____
Eric L. Frank
U.S. BANKRUPTCY JUDGE


Capital One Auto Finance,
a Division of Capital One N.A.
By Counsel: Mester & Schwartz, P.C.

By: _____
Jason Brett Schwartz, Esquire
Mester & Schwartz, P.C.
1333 Race Street
Philadelphia, PA 19107
(267) 909-9036

DATED: 12/22/17


Seen and agreed to -- We hereby consent to the form and entry of the foregoing Order.

**Debtor: Pearl Speaks**
By Counsel for Debtor: Mark Matthew Billion, Esquire

By:_____
Mark Matthew Billion, Esquire
Billion Law
922 New Road
Suite 2
Wilmington, DE 19805
(302) 428-9400

DATED: 12/18/17

# ORDER

The foregoing Stipulation is **APPROVED**.

_____
ERIC L. FRANK
CHIEF U.S. BANKRUPTCY JUDGE

Date: 12/27/17